Nov. Term,
1858.

WALKER
v.
SELLERS.

---

## WALKER v. SELLERS, Guardian.

Action for the recovery of money, and to foreclose a mortgage given to secure its payment. Demurrer, assigning as a reason of insufficiency in the complaint, that the mortgage appeared to be executed to the plaintiff as guardian, while the notes appeared to be executed to him as an individual. The complaint alleged that the mortgage was executed to secure the payment of the notes, copies of which are set forth; that the notes were given for the purchase-money of land described in the mortgage. *Held*, that as the mortgage and notes were made part of the complaint, it was sufficient.

Answer, that by order of Court two-sevenths of certain lands were sold by the plaintiff as guardian, &c., to the defendant, for the sum of, &c., to secure which, the notes and mortgage were given; that by mistake the mortgage was made to include the whole of the land described, &c. Prayer, that the mortgage be corrected, &c. Rule for a reply, but none was filed; and "the defendant failing to appear further, upon being called," &c., "the cause was submitted to the Court, upon complaint, mortgage, notes," &c. Finding, that the mortgaged premises could not be sold in parcels; that one note was due, and one would not be due until, &c.; that the amount of said note, deducting legal interest, was 497 dollars, 64 cents. Judgment for the amount of the first note and costs. Decree of foreclosure, and order that the premises be sold and the proceeds applied to the payment, first, of the first note, and then of the other—the surplus, if any, to be paid to the mortgagor, and the deficiency, if any, to be levied of other property. There was nothing in the judgment directing at what time and upon what default an execution might issue upon the second installment. No motion for a new trial. It was objected to the finding and judgment, 1. That the Court should not have ordered the sale of the land in a body. 2. That the Court should not have ordered execution for the amount of the note not due.

*Held*, 1. That as there was no motion for a new trial, and the evidence is, consequently, not in the record, the Supreme Court will not inquire into the means resorted to by the Court below to ascertain whether the property could be sold in parcels.

2. That the mortgagor might have prevented the sale by paying the first note,

even after judgment; that there being no order for an execution upon the second, such writ could not have issued without further proceedings; that if the first note had been thus paid, the mortgage would have remained a security for the payment of the second; that the sale of the whole premises does not take from the plaintiff the right to have his whole debt satisfied out of the proceeds of the sale, if sufficient.

3. That the answer was, in effect, an admission of the facts stated in the complaint; that the averment of a mistake in the mortgage tendered no issue, and might have been stricken out, and there was no error in disregarding it.

4. That there could not be, and was not, a judgment by default.

APPEAL from the *Madison* Circuit Court.

HANNA, J.—This was an action for the recovery of money, and to foreclose a mortgage given to secure the payment thereof.

There was a demurrer to the complaint overruled, which presents the first question.

The demurrer assigned, as a reason of insufficiency in the complaint, that the mortgage appeared to be executed to the plaintiff as guardian, and the notes to him as an individual.

The complaint alleges that the mortgage was executed to secure the payment of the notes, copies of which are set forth; that the notes were given to secure the purchase-money of the lands in the mortgage described.

As the mortgage and notes are made a part of the complaint, we think it is sufficient.

An answer was filed, averring that, by order of the Court of Common Pleas, two-sevenths of certain lands were sold by the plaintiff as guardian, &c., to the defendant, for the sum of, &c., to secure which, the notes and mortgage were given; that by mistake the mortgage was made to include the whole of the tracts of land described, &c. Prayer, that the mortgage may be corrected, &c.

There was a rule taken against the plaintiff to reply, but no reply was filed; and the defendant "failing to appear further upon being called," &c., "the cause was submitted to the Court for trial and finding, upon complaint, mortgage, and notes, and other testimony adduced."

There was a finding substantially as follows: That the mortgaged premises could not be sold in parcels, &c.; that

there was then due one installment of 1,027 dollars, 50 cents; that one installment of 510 dollars, 34 cents, was not due until the 4th of *August*, 1858; that the amount of said note, deducting legal interest, was 497 dollars, 64 cents. Judgment for the 1,027 dollars, 50 cents, and costs. Decree of foreclosure, and order of sale of the premises described, &c.; and that the proceeds be applied to the payment, first, of the 1,027 dollars, 50 cents, and then to the discharge of the other note—the surplus, if any, to be paid to mortgagor, and the deficiency, if any, to be levied of other property, &c.

There was no motion for a new trial. There are objections urged here to the finding and judgment. They are—

1. That the Court should not have ordered the land to be offered for sale in a body.

As there was no motion made for a new trial, and the evidence is, consequently, not in the record, the means resorted to by the Court to ascertain, under § 638, 2 R. S. p. 177, whether the property could be sold in parcels, is not before us.

2. That the Court should not have ordered execution for the amount of the installment not due.

The judgment is for the installment due, but there is no direction in the final judgment, as there might have been under § 637, *id.*, at what time, and upon what default, an execution might issue for the second installment; but because the land was found not to be susceptible of sale in parcels, having due regard to the interest of the parties, it was ordered that, when sold, the proceeds should be applied to the discharge of the whole debt, in the order it became due, before any portion could be paid to the mortgagor.

The mortgagor might have prevented the sale by paying off the first installment, &c., even after judgment; and there being no order for execution upon the second installment, the plaintiff could not have taken out such writ without further proceedings. Whether he was entitled to such order, is a question not before us. Certainly, the omission to enter it is no cause of complaint by the mort-

gagor. If the first installment had been thus paid off, the mortgage would have remained a security for the payment of the second; and we think a sale of the whole premises upon the first, does not take from the plaintiff the right to have his whole debt satisfied out of the proceeds of that sale, if sufficient.

The next two objections will be considered together. It is objected that there was a judgment by default, over an answer filed, and without a reply to that answer.

The defendant appeared and filed an answer, which was, in effect, an admission of the facts stated in the complaint. The averment which he makes of a mistake in the mortgage, did not tender an issue upon any allegation in the complaint; for the complaint—the mortgage being a part of it—only sought a foreclosure as to two-sevenths of the lands, and did not seek to so construe the mortgage as to include any more, or any greater interest in said tracts of land. That portion of the answer, therefore, might have been stricken out on motion, and we do not think there was any error in disregarding it in the further proceedings.

The former part of the answer, admitting, &c., and the appearance of the defendant, not having been withdrawn, there could not be a judgment by default, nor do we understand this to be such. If calling the defendant was an informality, it could not be an error prejudicial to his rights.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*M. S. Robinson*, for the appellant (1).

*J. W. Sansberry*, for the appellee (2).

(1) Mr. *Robinson* cited the following cases:
A judgment by default cannot be rendered where there is an appearance and an answer filed. 4 Ind. R. 235.—*Id.* 301.—1 *id.* 477.—5 Blackf. 205.—2 Ind. R. 36.

(2) Mr. *Sansberry* cited the following cases:
There was no motion for a new trial. See *Doe* v. *Herr*, 8 Ind. R. 23, 24. There was no exception, save to the overruling of the demurrer. *Zehnor* v. *Beard*, 8 Ind. R. 96.—*Marvin* v. *Carter, id.* 462.